THE PEOPLES LIFE INSURANCE CO.

*v.*

STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

LESSOR AND LESSEE—*lessor should have notice of vacation of premises.* Where there is a tenancy from year to year the lessor should have some notice of the vacation of the premises by the lessee.

SAME—*when lessor entitled to rent for remainder of term.* Where the lessee vacates the premises without notice to lessor before the end of the term the lessor is entitled to recover the rent for the remainder of the term, less any rents received for the premises after vacation by the lessee.

Edward J. Brundage, Attorney General, for State.

This is a claim for rent alleged to be due the claimant who is the owner of an office building in the City of Chicago. It appears that the following departments of the State, namely, the Illinois Game and Fish Commissioners; State Board of Barber Examiners; State Fire Marshal; Illinois Waterway Commissioners and the State Board of Livestock Commissioners occupied space under certain leases in said building belonging to claimant.

The contention of the claimant is that by reason of holding over after May 1st, 1917, that the defendant would be liable under the year to year rule, together with the fact of a certain conversation had with Mr. Sutton the Governor's private secretary. There is no dispute about the fact of these various departments occupying the spaces alleged. There is no dispute as to the amount of rent that the various departments were to pay for such spaces during the time they occupied same. Consequently the only proposition for this Court to consider is as to whether or not the claimant is entitled to rent from the various departments until May 1st, 1918. This Court is of the opinion that the claimant should have some notice of the termination of the tenancy otherwise than anything we can find of record here, as a matter of justice, according to the contention of the Attorney General, the lessees took possession of the floor space leased on or about May 1, 1915, and continued to remain in possession in part until July 1st, 1917, a period of more than two years and we believe from all the facts herein that a lease for at least another year was entered into and it appearing from the evidence that the claimant used their best efforts to rent the space vacated by the said State Departments and that the total rent received for space vacated amounted to six hundred eighty dollars ($680.00) which deducted from the total of the rentals would leave a balance due the claimant of two thousand seven hundred eighty-one dollars and eighteen cents ($2,781.18). We believe that legally and equitably the claimant should recover for the loss they sustained. Therefore it is ordered that an award be entered in behalf of the claimant for the sum of two thousand seven hundred eighty-one dollars and eighteen cents ($2,781.18).